[659 NYS2d 91]

In the Matter of MICHAEL TOLER (Admitted as MICHAEL ANTHONY TOLER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 23, 1997

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Mark F. DeWan* of counsel), for petitioner.

*Michael A. Toler,* South Ozone Park, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The petition contains 10 charges of professional misconduct

against the respondent. After a hearing, the Special Referee sustained Charges Four, Five, Nine, and Ten on the ground that the respondent failed to make timely payment of sanctions ordered by the United States Bankruptcy Court for the Eastern District of New York. The Grievance Committee now moves to confirm the Special Referee's report to the extent that it sustains Charges Four, Five, Nine, and Ten, and to disaffirm the report to the extent that it fails to sustain Charges One, Two, Three, Six, Seven, and Eight. In response, the respondent submits an affirmation in support of confirming the report and in which he raises the defense of lack of personal jurisdiction.

The following factual allegations pertain to Charges Four and Five:

1. In or about November 1991, the respondent represented James E. Harvey in connection with a bankruptcy matter.

2. On or about November 15, 1991, the respondent filed on Mr. Harvey's behalf a voluntary petition pursuant to 1978 Bankruptcy Code (11 USC) chapter 13 in the United States Bankruptcy Court for the Eastern District of New York.

3. On or about November 15, 1991, the respondent also filed a statement of financial affairs and appropriate schedules which purportedly reflected Mr. Harvey's assets and liabilities at that time.

4. On or about January 31, 1994, the respondent filed another chapter 13 petition on Mr. Harvey's behalf in the United States Bankruptcy Court for the Eastern District of New York.

5. Annexed to the 1994 petition were a statement of financial affairs and appropriate schedules that contained figures identical to those contained in the statement of financial affairs and schedules that the respondent filed in 1991 on Mr. Harvey's behalf.

6. By order dated May 13, 1994, Judge Jerome Feller of the United States Bankruptcy Court for the Eastern District of New York found that the statements that Mr. Harvey submitted in response to the questions posed in the 1994 statement of financial affairs and schedules were false.

7. As a result, Judge Feller dismissed Mr. Harvey's bankruptcy petition with prejudice to his right to refile a petition pursuant to the 1978 Bankruptcy Code (11 USC) for one year.

8. Judge Feller also found that the respondent aided and assisted Mr. Harvey in submitting false documents to the court.

9. As a sanction, Judge Feller directed the respondent to pay $500 to Stuart P. Gelberg, Esq., the Trustee in Mr. Harvey's case, and $500 to the Clerk of the United States Bankruptcy Court.

10. The respondent was required to make the payments within 60 days of the court's order, that is, by July 13, 1994.

11. The respondent failed to make timely payment.

Charge Four alleged that, based on factual allegations 1 through 11, the respondent engaged in conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Five alleged that, based upon factual allegations 1 through 11, the respondent engaged in conduct that adversely reflected on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

The following factual allegations pertain to Charges Nine and Ten:

12. In or about September 1993, the respondent represented Pascale Toussaint in connection with a bankruptcy matter.

13. On or about September 16, 1993, the respondent filed a petition pursuant to 1978 Bankruptcy Code (11 USC) chapter 13 on Ms. Toussaint's behalf in the United States Bankruptcy Court for the Eastern District of New York.

14. On or about September 16, 1993, the respondent also filed a statement of financial affairs and appropriate schedules which purportedly reflected Ms. Toussaint's assets and liabilities at that time.

15. In or about March 1994, Ms. Toussaint's bankruptcy petition was dismissed.

16. On or about March 20, 1994, the respondent filed another chapter 13 petition on Ms. Toussaint's behalf in the United States Bankruptcy Court for the Eastern District of New York.

17. Annexed to the 1994 petition were a statement of financial affairs and appropriate schedules that contained figures identical to those contained in the statement of financial affairs and schedules that the respondent filed in 1993 on Ms. Toussaint's behalf.

18. By an order dated July 14, 1994, Judge Jerome Feller of the United States Bankruptcy Court for the Eastern District of New York found that the cumulative errors and omissions in

the 1994 petition, statement of financial affairs, and schedules constituted a calculated misuse of chapter 13 of the United States Bankruptcy Code.

19. As a result, Judge Feller dismissed Ms. Toussaint's petition pursuant to 1978 Bankruptcy Code (11 USC) chapter 13 with prejudice to her right to refile a petition pursuant to the 1978 Bankruptcy Code (11 USC) for 180 days.

20. Judge Feller also found that the respondent's conduct violated Federal Rules of Bankruptcy Procedure, rule 9011.

21. As a sanction, Judge Feller directed the respondent to pay $2,500 to Stuart P. Gelberg, Esq., the Trustee in Ms. Toussaint's case, and $500 to the Clerk of the Bankruptcy Court.

22. The respondent was required to make the payments within 60 days of the court's order, that is, by September 14, 1994.

23. Moreover, the respondent was directed to submit a statement of his compliance with the terms of the court's order within 90 days thereof or by October 14, 1994.

24. The respondent failed to make timely payment.

25. The respondent failed to submit a timely statement of compliance.

Charge Nine alleged that, based on factual allegations 12 through 25, the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5]).

Charge Ten alleged that, based on factual allegations 12 through 25, the respondent engaged in conduct that adversely reflected on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

At the prehearing conference, the respondent admitted the factual allegations contained in paragraphs 1 through 3, 7, 9 through 14, 16, 24, and 25 of the petition. Moreover, the respondent waived the jurisdictional issue by appearing at the hearing and defending against the charges of professional misconduct on the merits.

In view of the evidence adduced at the hearing and the respondent's admissions, the Special Referee properly sustained Charges Four, Five, Nine, and Ten on the ground that the respondent failed to make timely payment of the sanctions ordered by the Bankruptcy Court. Accordingly, the branch of the Grievance Committee's motion which is to confirm the

Special Referee's report to the extent that it sustains Charges Four, Five, Nine, and Ten is granted, and the motion is otherwise denied.

In determining the appropriate measure of discipline to impose, we have considered the respondent's extensive disciplinary history. On May 8, 1990, the respondent received a personally delivered Letter of Caution for misrepresenting his legal experience, charging an excessive fee, failing to advise a client that he moved his law office, and submitting a false and misleading answer to the Grievance Committee. On November 20, 1990, the respondent received a Letter of Caution for failing to advise a client that he moved his law office and a Letter of Admonition for neglecting a lawsuit, which resulted in a default judgment against a client. On April 12, 1994, the respondent received a personally delivered Letter of Admonition, *inter alia,* for neglect, failing to pay the rent on his law office, appearing in Bankruptcy Court before he was admitted to practice there, and failing to refund a filing fee. Finally, on January 13, 1995, the respondent received a Letter of Admonition for advertising his legal services without including his name and office address on the advertisement.

Under the totality of the circumstances, the respondent is suspended for a period of five years.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and KRAUSMAN, JJ., concur.

Ordered that the branch of the petitioner's motion which is to confirm the report of the Special Referee insofar as it sustains Charges Four, Five, Nine, and Ten is granted; and it is further,

Ordered that the motion is otherwise denied; and it is further,

Ordered that the respondent, Michael Toler, is suspended from the practice of law for a period of five years, commencing July 23, 1997, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Michael Toler, shall desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.